[Civ. No. 13655. Second Dist., Div. One. July 23, 1942.]

JOHN McCLURE ESTATE, INC. (a Corporation), Appellant, v. CHARLES G. JOHNSON, as State Treasurer, etc., et al., Defendants; CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., Respondent.

C. W. Bowers for Appellant.

Earl Warren, Attorney General, H. H. Linney, Assistant Attorney General, and Valentine Brookes, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant is a domestic corporation doing business in the State of California. Appellant received dividends on stock owned by it in an insurance company doing business in California and paying the insurance tax on gross premiums imposed during the year 1937, the income year in question, by section 14 of article XIII of the California Constitution. The dividends received by appellant were paid by the insurance company in part from gross premium income and in part from investment income. Appellant contended that, in computing its net income for 1937 by which its franchise tax for 1938 was measured, all the dividends received by it from the insurance company were deductible. The Franchise Tax Commissioner, respondent here, refused to allow any of such dividends to be deducted and increased appellant's tax accordingly. After paying the additional tax appellant instituted this action for the recovery thereof. Judgment of the trial court was for respondent and this appeal followed. The appeal, involving the legality of a tax, was taken to the Supreme Court of this state and was transferred by the Supreme Court to this court.

Appellant contends that the provision of the Bank and Corporation Franchise Tax Act, which permits the deduction of certain dividends in computing net income for franchise tax purposes, applies to dividends received on the stock of insurance companies; and, if not so held to apply, the provision in question is unconstitutional, in that it does not afford equal protection of the law, is discriminatory and amounts to taking property without due process of law.

The provision of the Bank and Corporation Franchise Tax Act, section 8(h) thereof, read, at the time of the instant tax levy, as follows (Stats. 1929, p. 19, as amended; Act 8488, Deering's General Laws): "Sec. 8. In computing 'net income' the following deductions shall be allowed: . . . (h) Dividends received during the income year from a bank or corporation doing business in this state declared from income which has been included in the measure of the tax imposed by this act upon the bank or corporation declaring the dividends."

The following provisions of the state Constitution were also in effect at the time of the instant levy:

Section 14 of article XIII, reading, so far as here pertinent:

"All companies herein mentioned and their franchises,

*other than insurance companies and their franchises,* shall be taxed in the same manner and at the same rates as mercantile, manufacturing and business corporations and their franchises are taxed pursuant to section 16 of this article; . . .

"Every insurance company or association doing business in this state shall annually pay to the state a tax, assessed by the State Board of Equalization, of two and six-tenths per centum upon the amount of the gross premiums other than gross premiums from ocean marine insurance, received upon its business done in this state, less return premiums and reinsurance in companies or associations authorized to do business in this state; . . . This tax shall be in lieu of all other taxes and licenses, state, county, and municipal, upon such companies or their property, except taxes upon their real estate; . . ." (Italics added.)

Section 16 of article XIII, the pertinent portion of which reads: "2. The Legislature may provide by law for the taxation of corporations, their franchises, or any other franchises, by any method not prohibited by this Constitution or the Constitution or laws of the United States."

Appellant argues that insurance companies are not exempt from the payment of the franchise tax provided by the Bank and Corporation Franchise Tax Act, because neither the act itself nor the Constitution provides for such an exemption; that the Constitution merely provides that the gross premiums tax shall be "in lieu" of the franchise tax. Appellant further urges that the Bank and Corporation Franchise Tax Act and the provision for gross premiums tax must be read and construed together, that the provisions for the two taxes are *in pari materia.* The foregoing excerpts quoted from the constitutional provisions are clear in meaning, and the legislative intent embodied therein is at once obvious. There is no uncertainty, doubt or ambiguity requiring the application of any doctrine of judicial construction, other than that of giving to words their ordinary meaning. It is clear that under the Constitution and the laws of this state insurance companies do not pay the franchise tax provided for in the Bank and Corporation Franchise Tax Act. It is equally clear from the above quoted constitutional provisions that it is not intended to subject insurance companies to the payment of such a tax. The Constitution provides another method of taxing insurance companies; and the measure of such taxation is distinctly different from that provided for the taxation of corporations by the Bank and Corpora-

tion Franchise Tax Act. To say, as in section 14 of article XIII, above, that all companies other than insurance companies shall be taxed at the same rates as business corporations, is no more than to state that insurance companies shall not be taxed at the same rates as other business corporations, insofar as the provision applies to insurance companies. Whether the gross premiums tax is considered as a tax "in lieu" of the franchise tax or otherwise, the necessary conclusion to be derived from the foregoing constitutional provisions is that insurance companies are not subject to the franchise tax provided by the Bank and Corporation Franchise Tax Act. Moreover, it is to be noted that the Constitution does not expressly state that the gross premiums tax shall be in lieu of the franchise tax. The Constitution states that the gross premiums tax shall be in lieu of *all other taxes,* except taxes on real estate.

It cannot be disputed that section 8(h) of the Bank and Corporation Franchise Tax Act applies only to the levy of the tax provided by that act. Since the franchise tax provided by that act is not imposed upon an insurance company it necessarily follows that a dividend declared from income of an insurance company cannot be held to have been declared from income which has been included in the measure of the tax imposed by the Bank and Corporation Franchise Tax Act. Moreover, in the instant case the specific income from which dividends of the insurance company were declared was income derived at least partially from other sources than premiums. Therefore, even if it could be assumed that insurance companies were subject to the franchise tax imposed by the foregoing act, that section 8(h), *supra,* applied to dividends of insurance companies, and the gross premiums tax paid by the insurance company was merely in lieu of the payment of the franchise tax, it could not be held that the dividends here in question were declared from income which had been included in the measure of the tax imposed, because the gross premiums alone constitute the only measure of the tax imposed upon an insurance company, and it is not shown what portion of the dividends were declared from premiums. In any event, therefore, the dividends in question were not proper deductions to be made in the computation of the tax imposed upon appellant by the provisions of the Bank and Corporation Franchise Tax Act, under the circumstances here presented.

■ Appellant's contention as to the unconstitutionality of section 8(h) of the Bank and Corporation Franchise Tax Act cannot aid appellant in obtaining a deduction of the dividends in question. As respondent points out, the net result of appellant's argument in this respect, if upheld, would be to preclude deduction of any dividends. It is only by virtue of section 8(h), *supra*, that any deduction of dividends is allowable in computing the franchise tax. If, therefore, section 8(h) were held unconstitutional there would remain no statutory authority for the deduction of any dividends in computing the tax in question. Moreover, appellant's argument as to the unconstitutionality of section 8(h), as applied to dividends from insurance companies, is unfounded. See: *Brushaber* v. *Union Pac. R. R. Co.*, 240 U. S. 1 [36 S. Ct. 236, 60 L. Ed. 493].

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.